**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Willie STEPHENS, Defendant–
Appellant.**

**No. 11–14418
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 7, 2012.

Michelle Schieber, Michael J. Moore, U.S. Attorney, U.S. Attorney's Office, Ma-

---

con, GA, Leah E. McEwen, U.S. Attorney's Office, Albany, GA, for Plaintiff–Appellee.

Mark Tyson Phillips, Phillips & Nemajovsky, PC, Albany, GA, for Defendant–Appellant.

Before TJOFLAT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Willie Stephens was convicted on a plea of guilty of possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). At sentencing, the district court classified Stephens as a career offender, pursuant to U.S.S.G. § 4B1.1(a), and sentenced him as such to a prison term of 188 months[1] because he was over 18 years of age, the instant conviction was for a controlled substance offense, and he previously had been convicted of two controlled substance offenses in the Broward County, Florida Circuit Court; to-wit, a 1999 conviction for trafficking cocaine and a 2008 conviction for delivery of cocaine, in violation of Fla. Stat. § 893.13. Stephens now appeals his sentence, claiming that the district court erred in classifying him as a career offender. We find no error and affirm.

■■ Stephens argues that the court erred in treating his 2008 offense as predicate career offender offense because a judge of the U.S. District Court for the Middle District of Florida and a judge of the Twelfth Judicial Circuit of Florida have declared § 893.13 unconstitutional, and the Florida Supreme Court has accepted jurisdiction in the latter case, *Florida v. Adkins,* No. SC11–1878, 71 So.3d 117, 2011 WL 4925888 (Fla. Oct. 12, 2011). Neither trial court decision is controlling here; hence, the district court did not err in using the 2008 offense as a predicate offense under U.S.S.G. § 4B1.1(a).[2] Stephens argues that the court erred in using his 1999 conviction as a predicate offense because he was sentenced as a youthful offender. The problem with this argument is that his lawyer conceded at sentencing that the conviction qualified as a predicate career offender offense. Stephens is bound by that concession. His sentence is, accordingly,

AFFIRMED.

---

1. The sentence was at the bottom of the Guidelines sentence range of 188 to 235 months' imprisonment.

2. Because Stephens did not present this argument to the district court we review it under the plain error standard. There could be no plain error here because no error occurred.